# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀I.D. No. 1112020007
PATRICK OWUSU,⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)

Date Submitted: August 31, 2018
Date Decided: September 20, 2018

### *Upon Defendant's Motion for Postconviction Relief*
### DENIED AS MOOT

### <u>ORDER</u>

This 20th day of September, 2018, upon consideration of the Motion for Postconviction Relief filed by Defendant, Patrick Owusu, the Court is divested of its jurisdiction to consider the pending motion and finds as follows:

1.⠀⠀⠀By its express terms, the Delaware Superior Court Criminal Rules provides that relief pursuant to Rule 61 is only available to a defendant "in custody under a sentence of this court[.]"[1]⠀⠀The Delaware Supreme Court has explained that a person loses standing to move for postconviction relief under Rule 61 where the defendant is not in custody or subject to future custody for the underlying offense or challenged sentence.[2]⠀⠀The Superior Court has consistently applied this standard in summarily dismissing postconviction motions.

---

[1] Super. Ct. Crim. R. 61(a)(1).
[2] *Pumphrey v. State*, 2007 WL 3087405, at *1 (Del. 2007).

2. Defendant's sentence, which was imposed after a violation-of-probation hearing was held on August 10, 2012, had a final expiration date of August 10, 2017. Defendant argues that he is entitled to relief because he is detained for purposes of deportation as a result of his sentence in this case. Where a defendant understands that deportation may follow as a potential result to pleading guilty to criminal charges, this is merely a "collateral, and not a direct, consequence" of the defendant's sentence.[3] During the initial plea colloquy, Defendant acknowledged his understanding of the deportation risks associated with pleading guilty to a felony.[4] In addition, Defendant signed a truth-in-sentencing form acknowledging that conviction of a criminal offense may result in deportation. Despite Defendant's contentions, his current detainment for purposes of deportation is entirely separate from the sentence imposed and he is no longer in custody under a sentence of this Court. Therefore, the Court is divested of jurisdiction and the pending Motion for Postconviction Relief is moot.

3. Pursuant to Rule 61(d)(5), "[i]f it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant

---

[3] *See State v. Ruiz*, 2007 WL 4577586, at *4 (Del. Super. 2007), *aff'd* 956 A.2d 643 (Del. 2008). "A collateral consequence 'is one that is not related to the length or nature of the sentence imposed on the basis of the plea.'" *Id.* at *3.

[4] *State v. Owusu*, I.D. No. 1112020007, at 20-23 (Del. Super. June 26, 2012) (Herlihy, J.) (TRANSCRIPT).

is not entitled to relief, the judge may enter an order for its summary dismissal."[5]

Even if Defendant's postconviction motion qualified for review on the merits, summary dismissal would be appropriate for the following two reasons:

(i)     First, Defendant's motion does not satisfy the procedural requirements of Rule 61(i) and is therefore time-barred.  Rule 61(i)(1) requires a motion for postconviction relief be filed within one year after the judgment of conviction is final.[6]   Defendant was sentenced on August 10, 2012, and did not file a direct appeal.  As a result, Defendant's conviction became final on September 10, 2012.  Defendant filed this motion on August 31, 2018, almost six years after his conviction became final.  To avoid the procedural time bar of Rule 61(i)(1), Defendant must satisfy the requirements of Rule 61(i)(5), which provides that procedural bars "shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."[7]   Defendant's motion does not claim that the court lacked jurisdiction nor does it "plead with particularity that new evidence

_____

[5] Super. Ct. Crim. R. 61(d)(5).
[6] Super. Ct. Crim. R. 61(i)(5).
[7] *Id.*

3

exists that creates a strong inference that the movant is actually innocent" or "plead with particularity a claim that a new rule of constitutional law, made retroactive . . . [and] appli[cable] to the movant's case and renders the conviction . . . invalid."[8]  Accordingly, Defendant's motion does not satisfy the procedural requirements of Rule 61(i)(1) and, therefore, his motion is time-barred.

(ii)    Second, Defendant's claim of ineffective assistance of counsel fails for the reasons previously set forth by this Court in its Order Denying Patrick Owusu's Motion for Appointment of Counsel.[9]

**NOW, THEREFORE, on this 20th day of September, 2018, Defendant's Motion for Postconviction Relief is hereby DENIED AS MOOT.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

---

[8]  Super. Ct. Crim. R. 61(d)(2)(i), (ii).
[9]  *State v. Owusu*, I.D. No. 1112020007, at 4-5 (Del. Super. January 29, 2015) (ORDER).

4